**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br>         Plaintiff, <br><br> v. <br><br> OFFICE OF THE DIRECTOR <br> OF NATIONAL INTELLIGENCE, <br> Washington, DC 20511, <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Office of the Director of National Intelligence ("ODNI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and

disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant ODNI is an agency of the United States Government and is headquartered in Washington, DC 20511. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On September 16, 2016, Plaintiff sent a FOIA request to Defendant seeking access to the following:

> 1. Any and all records that form the foundation for the decision by ODNI not to conduct an assessment of the damage to national security resulting from former Secretary of State Hillary Rodham Clinton sending and receiving classified national security information on a private email server.
>
> 2. Any and all records of communications sent to or from ODNI officials regarding, concerning or relating to the decision not to conduct an assessment of the damage to national security resulting from former Secretary of State Hillary Clinton sending and receiving classified national security information on a private email server.

The time frame of the request was identified as "March 2014 to the present."

6. By letter dated October 20, 2016, Defendant acknowledged receipt of Plaintiff's request on September 27, 2016, and assigned the request ODNI Case No. DF-2016-00323.

7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9.    Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.    Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

11.    Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12.    To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request.  Accordingly, Defendant's determination was due on or about October 26, 2016.  At a minimum, Defendant was required to:  (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g*., *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13.    Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed

search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   January 11, 2017

Respectfully submitted,

JUDICIAL WATCH, INC.

*/s/ Jason B. Aldrich*
Jason B. Aldrich
D.C. Bar No. 495488
425 Third Street, SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: jaldrich@judicialwatch.org

*Attorneys for Plaintiff*